# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

CARLOS EMIRO CAMARILLA
GONZALEZ,

   *Petitioner*,

v.

MICHAEL WATKINS, Facility
Administrator, ERO El Paso Camp East
Montana,

   *Respondent.*

§
§
§
§
§
§
§
§
§
§
§
§
§

**EP-26-CV-00959-DCG**

## <u>ORDER TO SHOW CAUSE</u>

Petitioner Carlos Emiro Camarilla Gonzalez ("Petitioner") challenges his detention

pursuant to 28 U.S.C. § 2241.[1] The issues raised in the Petition require an answer from

Respondent. The Court therefore **ORDERS** Respondent to show cause why the Court should not

grant a writ of habeas corpus.

## I.  Background

Petitioner filed the instant Petition for Writ of Habeas Corpus on April 7, 2026, while

detained at Camp East Montana in El Paso, Texas.[2] Petitioner challenges his detention on

---

[1] *See generally* Pet., ECF No. 1.

[2] *See id.* at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF
system, rather than the internal pagination of the cited document.

statutory and constitutional grounds.[3] Petitioner asks the Court to order, *inter alia*, his immediate release or a bond hearing.[4]

## II.    Discussion

### A.      Habeas Corpus Petition

Under 28 U.S.C. § 2241, a detainee may challenge their confinement as unlawful by filing a habeas corpus petition.[5] The Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") specify what the Court must do after receiving such a petition. Although the Habeas Rules govern petitions filed under 28 U.S.C. § 2254, they also apply to petitions filed pursuant to § 2241.[6]

Habeas Rule 4 requires the Court to "examine" a petition and "dismiss" it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to any relief."[7] If dismissal is not appropriate, the Court shall "award the writ or issue an order directing

---

[3] *Id.* at 6–7.

[4] *Id.* at 7. *See also id.* (detailing full scope of relief requested by Petitioner).

[5] *See* 28 U.S.C. § 2241(c) (requiring petitioners to show that they are "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

[6] *See* RULES GOVERNING SECTION 2254 CASES ("Habeas Rules"), Rule 1(a) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254"); *see also* Habeas Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)").

*See also Perez v. Hijar*, No. 22–50904, 2023 WL 4559366, at *1 (5th Cir. July 17, 2023) ("Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well").

[7] *See* Habeas Rule 4; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.").

the respondent to show cause why the writ should not be granted."[8] Should the petition survive prescreening, "the judge *must* order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."[9] 28 U.S.C. § 2243 requires that the response "be returned within three days" or "not exceeding twenty days."[10] However, courts have "discretionary authority" to alter the "strict time limits prescribed by § 2243."[11]

Having preliminarily examined the foregoing petition, the Court concludes that (1) summary dismissal is not appropriate, and (2) an extension of the default response time is not warranted. The Court will therefore order Respondent to show cause within three days why the Court should not grant the Petition. If necessary, the Court will order a hearing or additional briefing after reviewing the parties' filings.

### III. Conclusion

For the foregoing reasons, the Court **ORDERS** Respondent to file a response to the "Petition for Writ of Habeas Corpus" (ECF No. 1) by no later than **April 14, 2026**. This response must identify each factual allegation contained in the Petition that Respondent disputes.

---

[8] 28 U.S.C. § 2243.

[9] Habeas Rule 4; *see also* 28 U.S.C. § 2243 (requiring the district court to issue the order "forthwith"); *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993) (concluding that a district court acted "forthwith" by issuing a show cause order "just twenty-one days after [the] petition was filed").

[10] 28 U.S.C. § 2243.

[11] *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-CV-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases) (reasoning that because Congress approved the Habeas Rules in 1976 and enacted § 2243 in 1948, the former governs the district court's authority to set response deadlines).

Petitioner may file a reply within <u>three days</u> after Respondent serves their response.[12] If necessary, the Court will order a hearing or additional briefing upon review of the pleadings.

The Court further **ORDERS** the parties to inform the Court if (1) an order of removal is entered against Petitioner while this case is pending; and (2) if the order of removal becomes final.[13]

The District Clerk shall **SERVE** copies of the "Petition for Writ of Habeas Corpus" (ECF No. 1) and this Order upon Respondent **and** the United States Attorney in El Paso, Texas.[14]

---

[12] *See* FED. R. CIV. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[13] *See* 8 C.F.R. § 1241.1 (explaining how "[a]n order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final").

[14] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").

Finally, the Clerk of Court **SHALL MAIL** this Order to:

Carlos Emiro Camarilla Gonzalez
ERO El Paso Camp East Montana
6920 Digital Road
El Paso, TX 79936

Just in case the Government relocates Petitioner to another facility while this mailing is in

transit, the Clerk of Court **SHALL ALSO MAIL** this Order to:

Carlos Emiro Camarilla Gonzalez
El Paso Service Processing Center
8915 Montana Avenue
El Paso, TX 79925

**So ORDERED and SIGNED this 9th day of April 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**